## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
CASE NO.

FENDI S.R.L.,

      Plaintiff,

vs.

THE INDIVIDUALS, BUSINESS ENTITIES,
AND UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

      Defendants.

_____/

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff, Fendi, S.r.l. ("Plaintiff" or "FENDI") hereby sues Defendants, the Individuals, Business Entities, and Unincorporated Associations Identified on Schedule "A" hereto (collectively "Defendants"). Defendants are promoting, selling, offering for sale and distributing goods bearing counterfeits and confusingly similar imitations of FENDI's trademarks within this district through various Internet based e-commerce stores using the seller identities as set forth on Schedule "A" hereto (the "Seller IDs"). In support of its claims, FENDI alleges as follows:

## JURISDICTION AND VENUE

1.     This is an action for federal trademark counterfeiting and infringement, false designation of origin, common law unfair competition, and common law trademark infringement pursuant to 15 U.S.C. §§ 1114, 1116, and 1125(a), The All Writs Act, 28 U.S.C. § 1651(a), and Florida's common law. Accordingly, this Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over FENDI's state law claims because those claims are so related to the federal claims that they form part of the same case or controversy.

2.      Defendants are subject to personal jurisdiction in this district, because they direct business activities toward and conduct business with consumers throughout the United States, including within the State of Florida and this district, through at least the Internet based e-commerce stores accessible in Florida and operating under their Seller IDs. Alternatively, Defendants are subject to personal jurisdiction in this district pursuant to Federal Rule of Civil Procedure 4(k)(2) because (i) Defendants are not subject to jurisdiction in any state's court of general jurisdiction; and (ii) exercising jurisdiction is consistent with the United States Constitution and laws.

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 since Defendants are, upon information and belief, aliens who are engaged in infringing activities and causing harm within this district by advertising, offering to sell, selling and/or shipping infringing products to consumers into this district.

## THE PLAINTIFF

4.      Fendi S.r.l. is a limited liability company organized and existing pursuant to the laws of Italy, with its principal place of business at Palazzo della Civiltà Italiana, Quadrato della Concordia n°3, Rome, Italy 00144. FENDI operates boutiques throughout the world, including within this district. FENDI is, in part, engaged in the business of manufacturing and distributing throughout the world, including within this district, a variety of high-quality luxury goods under multiple world-famous common law and federally registered trademarks, including those identified in Schedule "B" hereto. FENDI offers for sale and sells its trademarked goods within the State of Florida, including this district. Defendants, through the sale and offer to sell counterfeit and infringing FENDI branded products, are directly and unfairly competing with

FENDI's economic interests in the United States, including the State of Florida and causing FENDI irreparable harm and damage within this jurisdiction.

5.     Like many other famous trademark owners, FENDI suffers ongoing daily and sustained violations of its trademark rights at the hands of counterfeiters and infringers, such as Defendants herein, who wrongfully reproduce and counterfeit FENDI's trademarks for the twin purposes of (i) duping and confusing the consuming public and (ii) earning substantial profits across their e-commerce stores. The natural and intended byproduct of Defendants' combined actions is the erosion and destruction of the goodwill associated with the FENDI name and associated trademarks and the destruction of the legitimate market sector in which it operates.

6.     To combat the indivisible harm caused by the combined actions of Defendants and others engaging in similar conduct, each year FENDI expends significant monetary resources in connection with trademark enforcement efforts, including legal fees and investigative fees.  The exponential growth of counterfeiting over the Internet, including through online marketplace platforms and social media websites, has created an environment that requires companies, such as FENDI, to expend significant resources across a wide spectrum of efforts in order to protect both consumers and itself from confusion and the erosion of the goodwill connected to FENDI's brand.

## THE DEFENDANTS

7.     Defendants are individuals and/or business entities of unknown makeup, or unincorporated associations, each of whom, upon information and belief, either reside and/or operate in foreign jurisdictions, redistribute products from the same or similar sources in those locations, and/or ship their goods from the same or similar sources in those locations to shipping and fulfillment centers within the United States to redistribute their products from those

locations. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b). Defendants target their business activities toward consumers throughout the United States, including within this district, through the simultaneous operation of commercial Internet based e-commerce stores via the Internet marketplace websites under the Seller IDs.

8.      Defendants use aliases in conjunction with the operation of their businesses, including but not limited to those identified by Defendant Number on Schedule "A."

9.      Defendants are the past and present controlling forces behind the sale of products using counterfeits and infringements of FENDI's trademarks as described herein.

10.      Defendants directly engage in unfair competition with FENDI by advertising, offering for sale, and selling goods each using counterfeits and infringements of one or more of FENDI's trademarks to consumers within the United States and this district through Internet based e-commerce stores using, at least, the Seller IDs, and additional names, e-commerce stores, or seller identification aliases not yet known to FENDI. Defendants have purposefully directed some portion of their illegal activities towards consumers in the State of Florida through the advertisement, offer to sell, sale, and/or shipment of counterfeit and infringing FENDI branded goods into the State.

11.      Defendants have registered, established or purchased, and maintained their Seller IDs. Many Defendants may have engaged in fraudulent conduct with respect to the registration of the Seller IDs by providing false and/or misleading information to the Internet based e-commerce platforms where they offer to sell and/or sell during the registration or maintenance process related to their respective Seller ID. Defendants have registered and maintained their Seller IDs for the purpose of engaging in illegal counterfeiting activities.

12.     Defendants will likely continue to register or acquire new seller identification aliases for the purpose of selling and offering for sale goods using counterfeit and confusingly similar imitations of one or more of FENDI's trademarks unless preliminarily and permanently enjoined.

13.     Defendants' Seller IDs, associated payment accounts, and any other alias seller identification names, or e-commerce stores used in connection with the sale of counterfeit and infringing goods using one or more of FENDI's trademarks are essential components of Defendants' online activities and are the means by which Defendants further their counterfeiting and infringement scheme and cause harm to FENDI. Moreover, Defendants are using FENDI's famous name and trademarks to drive Internet consumer traffic to their e-commerce stores operating under the Seller IDs, thereby increasing the value of the Seller IDs and decreasing the size and value of FENDI's legitimate marketplace and intellectual property rights at FENDI's expense.

## COMMON FACTUAL ALLEGATIONS

### Plaintiff's Business and Trademark Rights

14.     FENDI is the owner of all rights in and to the trademarks identified on Schedule "B" hereto, which are valid and registered on the Principal Register of the United States Patent and Trademark Office (collectively the "FENDI Marks"). The FENDI Marks are used in connection with the manufacture and distribution of high-quality luxury goods in the categories identified above.  True and correct copies of the Certificates of Registration for the FENDI Marks are attached hereto as Composite Exhibit "1."

15.     The FENDI Marks have been used in interstate commerce to identify and distinguish FENDI's high-quality luxury goods for an extended period of time.

16.     The FENDI Marks have been used in commerce by FENDI long prior in time to Defendants' use of copies of those Marks.  The FENDI Marks have never been assigned or licensed to any of the Defendants in this matter.

17.     The FENDI Marks are symbols of FENDI's quality, reputation and goodwill and have never been abandoned.  FENDI has carefully monitored and policed the use of the FENDI Marks.

18.     The FENDI Marks are well known and famous and have been for many years. FENDI expends substantial resources developing, advertising and otherwise promoting the FENDI Marks. The FENDI Marks qualify as famous marks as that term is used in 15 U.S.C. §1125(c)(1).

19.     Further, FENDI extensively uses, advertises, and promotes the FENDI Marks in the United States in association with the sale of high-quality luxury goods. FENDI has expended enormous resources promoting the FENDI Marks and products bearing the FENDI Marks. In recent years, annual sales of products bearing the FENDI Marks have totaled in the hundreds millions of dollars within the United States alone.

20.     As a result of FENDI's efforts, members of the consuming public readily identify merchandise bearing or sold using the FENDI Marks as being high-quality luxury goods sponsored and approved by FENDI.

21.     Accordingly, the FENDI Marks have achieved secondary meaning among consumers as identifiers of high-quality luxury goods.

22.     Genuine goods bearing the FENDI Marks are widely legitimately advertised and promoted by FENDI, its authorized distributors, and unrelated third parties via the Internet. Visibility on the Internet, particularly via Internet search engines such as Google, Yahoo!, and

Bing is important to FENDI's overall marketing and consumer education efforts. Thus, FENDI expends significant monetary and other resources on Internet marketing and consumer education, including search engine optimization ("SEO") and search engine marketing ("SEM") strategies. Those strategies allow FENDI and its authorized retailers to educate consumers fairly and legitimately about the value associated with the FENDI brand and the goods sold thereunder. Similarly, Defendants' individual seller stores are indexed on search engines and compete directly with FENDI for space and consumer attention in search results.

**Defendants' Infringing Activities**

23.    Defendants are each promoting and advertising, distributing, selling, and/or offering for sale goods in interstate commerce using counterfeit and confusingly similar imitations of one or more of the FENDI Marks (the "Counterfeit Goods") through at least the e-commerce stores operating under the Seller IDs. Specifically, Defendants are using the FENDI Marks to initially attract online customers and drive them to Defendants' e-commerce stores operating under the Seller IDs. Defendants are each using identical copies of one or more of the FENDI Marks for different quality goods. FENDI has used the FENDI Marks extensively and continuously before Defendants began offering counterfeit and confusingly similar imitations of FENDI's merchandise.

24.    Defendants' Counterfeit Goods are of a quality substantially different than that of FENDI's genuine goods. Defendants are actively using, promoting and otherwise advertising, distributing, selling and/or offering for sale substantial quantities of their Counterfeit Goods with the knowledge and intent that such goods will be mistaken for the genuine high-quality goods offered for sale by FENDI, despite Defendants' knowledge that they are without authority to use the FENDI Marks.   The net effect of Defendants' actions is likely to cause confusion of

consumers, at the time of initial interest, sale, and in the post-sale setting, who will believe all of Defendants' goods offered for sale on Defendants' e-commerce stores are genuine goods originating from, associated with, and approved by FENDI.

25.     Defendants advertise their e-commerce stores, including their Counterfeit Goods offered for sale, to the consuming public via e-commerce stores operating under, at least, the Seller IDs. In so doing, Defendants improperly and unlawfully use one or more of the FENDI Marks without FENDI's permission.

26.     As part of their overall unlawful scheme, most Defendants are concurrently employing and benefitting from substantially similar, advertising and marketing strategies based, in large measure, upon an illegal use of counterfeits and infringements of the FENDI Marks. Specifically, Defendants are using counterfeits and infringements of FENDI's famous name and the FENDI Marks to make their e-commerce stores selling illegal goods appear more relevant and attractive to consumers searching for both FENDI and non-FENDI goods and information online. By their actions, Defendants are contributing to the creation and maintenance of an illegal marketplace operating in parallel to the legitimate marketplace for FENDI's genuine goods. Defendants are causing individual, concurrent and indivisible harm to FENDI and the consuming public by (i) depriving FENDI and other third parties of their right to fairly compete for space within search engine results and reducing the visibility of FENDI's genuine goods on the World Wide Web, (ii) causing an overall degradation of the value of the goodwill associated with the FENDI Marks, and (iii) increasing FENDI's overall cost to market its goods and educate consumers about its brand via the Internet.

27.     Defendants are concurrently conducting and targeting their counterfeiting and infringing activities toward consumers and likely causing unified harm within this district and

elsewhere throughout the United States. As a result, Defendants are defrauding FENDI and the consuming public for Defendants' own benefit.

28.     At all times relevant hereto, Defendants in this action had full knowledge of FENDI's ownership of the FENDI Marks, including its exclusive right to use and license such intellectual property and the goodwill associated therewith.

29.     Defendants' use of the FENDI Marks, including the promotion and advertisement, reproduction, distribution, sale and offering for sale of their Counterfeit Goods, is without FENDI's consent or authorization.

30.     Defendants are engaging in the above-described illegal counterfeiting and infringing activities knowingly and intentionally or with reckless disregard or willful blindness to FENDI's rights for the purpose of trading on FENDI's goodwill and reputation.  If Defendants' intentional counterfeiting and infringing activities are not preliminarily and permanently enjoined by this Court, FENDI and the consuming public will continue to be harmed.

31.     Defendants' above identified infringing activities are likely to cause confusion, deception, and mistake in the minds of consumers before, during and after the time of purchase. Moreover, Defendants' wrongful conduct is likely to create a false impression and deceive customers, the public, and the trade into believing there is a connection or association between FENDI's genuine goods and Defendants' Counterfeit Goods, which there is not.

32.     Defendants' payment and financial accounts, including but not limited to those specifically set forth on Schedule "A," are being used by Defendants to accept, receive, and deposit profits from Defendants' trademark counterfeiting and infringing, and their unfairly competitive activities connected to their Seller IDs, and any other alias e-commerce stores, or seller identification names being used and/or controlled by them.

33.     Further, Defendants are likely to transfer or secret their assets to avoid payment of any monetary judgment awarded to FENDI.

34.     FENDI has no adequate remedy at law.

35.     FENDI is suffering irreparable injury and has suffered substantial damages because of Defendants' unauthorized and wrongful use of the FENDI Marks.  If Defendants' counterfeiting and infringing, and unfairly competitive activities are not preliminarily and permanently enjoined by this Court, FENDI and the consuming public will continue to be harmed.

36.     The harm and damages sustained by FENDI have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offers to sell, and sale of their Counterfeit Goods.

### COUNT I - TRADEMARK COUNTERFEITING AND INFRINGEMENT PURSUANT TO § 32 OF THE LANHAM ACT (15 U.S.C. § 1114)

37.     FENDI hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 36 above.

38.     This is an action for trademark counterfeiting and infringement against Defendants based on their use of counterfeit and confusingly similar imitations of the FENDI Marks in commerce in connection with the promotion, advertisement, distribution, offering for sale and sale of the Counterfeit Goods.

39.     Defendants are promoting and otherwise advertising, selling, offering for sale, and distributing goods bearing and/or using counterfeits and/or infringements of one or more of the FENDI Marks.  Defendants are continuously infringing and inducing others to infringe the FENDI Marks by using one or more of them to advertise, promote, sell, and offer to sell counterfeit and infringing FENDI branded goods.

40.     Defendants' concurrent counterfeiting and infringing activities are likely to cause and are causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' Counterfeit Goods.

41.     Defendants' unlawful actions have caused and are continuing to cause unquantifiable damages to FENDI and are unjustly enriching Defendants with profits at FENDI's expense.

42.     Defendants' above-described unlawful actions constitute counterfeiting and infringement of the FENDI Marks in violation of FENDI's rights under § 32 of the Lanham Act, 15 U.S.C. § 1114.

43.     FENDI has suffered and will continue to suffer irreparable injury and damages due to Defendants' above-described activities if Defendants are not preliminarily and permanently enjoined. Additionally, Defendants will continue to wrongfully profit from their illegal activities.

## COUNT II - FALSE DESIGNATION OF ORIGIN
## PURSUANT TO § 43(a) OF THE LANHAM ACT (15 U.S.C. § 1125(a))

44.     FENDI hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 36 above.

45.     Defendants' Counterfeit Goods bearing, offered for sale and sold using copies of at least one of the FENDI Marks have been widely advertised and offered for sale throughout the United States via at least one Internet marketplace website.

46.     Defendants' Counterfeit Goods bearing, offered for sale, and sold using copies of at least one of the FENDI Marks are virtually identical in appearance to FENDI's genuine goods. However, Defendants' Counterfeit Goods are different in quality. Accordingly, Defendants'

activities are likely to cause confusion in the trade and among consumers as to at least the origin or sponsorship of their Counterfeit Goods.

47.     Defendants have used in connection with their advertisement, offer for sale, and sale of their Counterfeit Goods, false designations of origin and false descriptions and representations, including words or other symbols and trade dress, which tend to falsely describe or represent such goods and have caused such goods to enter commerce in the United States with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to FENDI's detriment.

48.     Defendants have each authorized infringing uses of one or more of the FENDI Marks in Defendants' advertisement and promotion of their counterfeit and infringing branded goods.   Defendants have misrepresented to members of the consuming public that the Counterfeit Goods being advertised and sold by them are genuine, non-infringing goods.

49.     Additionally, Defendants are using counterfeits and infringements of one or more of the FENDI Marks to unfairly compete with FENDI and others for space within organic and paid search engine results and social media results, thereby jointly depriving FENDI of a valuable marketing and educational tool which would otherwise be available to FENDI and reducing the visibility of FENDI's genuine goods on the World Wide Web and across social media platforms.

50.     Defendants' above-described actions are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

51.     FENDI has no adequate remedy at law, and has sustained both individual and indivisible injury and damage caused by Defendants' concurrent conduct. Absent an entry of an injunction by this Court, Defendants will continue to wrongfully reap profits and FENDI will

continue to suffer irreparable injury to its goodwill and business reputation, as well as monetary damages.

## COUNT III - COMMON LAW UNFAIR COMPETITION.

52.     FENDI hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 36 above.

53.     This is an action against Defendants based on their promotion, advertisement, distribution, sale and/or offering for sale of goods bearing marks that are virtually identical to the FENDI Marks in violation of Florida's common law of unfair competition.

54.     Specifically, Defendants are promoting and otherwise advertising, selling, offering for sale and distributing goods using or bearing counterfeits and infringements of one or more of the FENDI Marks. Defendants are also each using counterfeits and infringements of one or more of the FENDI Marks to unfairly compete with FENDI and others for (1) space in search engine and social media results across an array of search terms and (2) visibility on the World Wide Web.

55.     Defendants' infringing activities are likely to cause and are causing confusion, mistake and deception among consumers as to the origin and quality of Defendants' e-commerce stores as a whole and all products sold therein by their use of the FENDI Marks.

56.     FENDI has no adequate remedy at law and is suffering irreparable injury and damages because of Defendants' actions. Moreover, Defendants are unjustly profiting from those actions.

## COUNT IV - COMMON LAW TRADEMARK INFRINGEMENT

57.     FENDI hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 36 above.

58.     FENDI is the owner of all common law rights in and to the FENDI Marks.

59.     This is an action for common law trademark infringement against Defendants based on their promotion, advertisement, offering for sale, and sale of their Counterfeit Goods using at least one or more of the FENDI Marks.

60.     Specifically, each Defendant, is promoting, and otherwise advertising, distributing, offering for sale, and selling goods using infringements of one or more of the FENDI Marks.

61.     Defendants' infringing activities are likely to cause and are causing confusion, mistake and deception among consumers as to the origin and quality of Defendants' Counterfeit Goods using the FENDI Marks.

62.     FENDI has no adequate remedy at law and is suffering irreparable injury and damages because of Defendants' actions. Moreover, Defendants are unjustly profiting from those actions.

## **PRAYER FOR RELIEF**

63.     WHEREFORE, FENDI demands judgment on all Counts of this Complaint and an award of equitable relief and monetary relief against Defendants as follows:

a.      Entry of temporary, preliminary, and permanent injunctions pursuant to 15 U.S.C. § 1116, 28 U.S.C. § 1651(a), The All Writs Act, and Federal Rule of Civil Procedure 65 enjoining Defendants, their agents, representatives, servants, employees, and all those acting in concert or participation therewith, from manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell their Counterfeit Goods; from infringing, counterfeiting, or diluting the FENDI Marks; from using the FENDI Marks, or any mark or trade dress \ similar thereto, in connection with the sale of any unauthorized goods; from

using any logo, trade name or trademark or trade dress that may be calculated to falsely advertise the services or goods of Defendants as being sponsored by, authorized by, endorsed by, or in any way associated with FENDI; from falsely representing themselves as being connected with FENDI, through sponsorship or association, or engaging in any act that is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of Defendants, are in any way endorsed by, approved by, and/or associated with FENDI; from using any reproduction, counterfeit, infringement, copy, or colorable imitation of the FENDI Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by Defendants; from affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent Defendants' goods as being those of FENDI, or in any way endorsed by FENDI and from offering such goods in commerce; from engaging in search engine optimization strategies using colorable imitations of FENDI's name or trademarks and from otherwise unfairly competing with FENDI.

      b.    Entry of a temporary restraining order, as well as preliminary and permanent injunctions pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority, enjoining Defendants and all third parties with actual notice of an injunction issued by the Court from participating in, including providing financial services, technical services or other support to, Defendants in connection with the sale and distribution of non-genuine goods bearing and/or using counterfeits of the FENDI Marks.

      c.    Entry of an order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority, authorizing FENDI to serve the injunction on any e-mail service provider with a request that the service provider permanently suspend the e-mail addresses which

are or have been used by Defendants in connection with Defendants' promotion, offering for sale, and/or sale of goods using counterfeits, and/or infringements of the FENDI Marks.

d.      Entry of an order requiring, upon FENDI's request, Defendants to request in writing permanent termination of any messaging services, Seller IDs, or usernames they own, operate, or control on any messaging service.

e.      Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority that, upon Plaintiff's request, the applicable governing Internet marketplace website operators and/or administrators for the Seller IDs who are provided with notice of an injunction issued by this Court disable and/or cease facilitating access to the Seller IDs and any other alias seller identification names being used and/or controlled by Defendants to engage in the business of marketing, offering to sell, and/or selling goods bearing counterfeits and infringements of the FENDI Marks.

f.      Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and this Court's inherent authority that, upon Plaintiff's request, any Internet marketplace website operators, administrators for the Seller IDs who are provided with notice of an injunction issued by this Court identify any e-mail address known to be associated with Defendants' respective Seller ID.

g.      Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and this Court's inherent authority that upon Plaintiff's request, any Internet marketplace website operators and/or administrators who are provided with notice of an injunction issued by this Court permanently remove from the multiple platforms, which include, *inter alia,* a Direct platform, Group platform, Seller Product Management platform, Vendor Product Management platform, and Brand Registry platform, any and all listings and associated images of goods

16

bearing counterfeits and/or infringements of the FENDI Marks via the e-commerce stores operating under the Seller IDs, including but not limited to the listings and associated images identified by the "parent" and/or "child" Amazon Standard Identification Numbers ("ASIN") on Schedule "A" annexed hereto, and upon Plaintiff's request, any other listings and images of goods bearing counterfeits and/or infringements of the FENDI Marks associated with any "parent" and "child" ASIN linked to the same sellers or linked to any other alias e-commerce stores, seller identification names being used and/or controlled by Defendants to promote, offer for sale and/or sell goods bearing and/or using counterfeits and/or infringements of the FENDI Marks.

      h.    Entry of an Order pursuant to 15 U.S.C. § 1116, 28 U.S.C. § 1651(a), The All Writs Act, Federal Rule of Civil Procedure 65 and this Court's inherent authority that, upon Plaintiff's request, Defendants and any Internet marketplace website operators and/or administrators who are provided with notice of an injunction issued by this Court immediately cease fulfillment of and sequester all goods of each Defendant bearing one or more of the FENDI in its inventory, possession, custody, or control, and surrender those goods to FENDI.

      i.    Entry of an Order requiring Defendants to account to and pay FENDI for all profits and damages resulting from Defendants' trademark counterfeiting and infringing and unfairly competitive activities and that the award to FENDI be trebled, as provided for under 15 U.S.C. §1117, or, at FENDI's election with respect to Count I, that FENDI be awarded statutory damages from each Defendant in the amount of two million dollars ($2,000,000.00) per each counterfeit trademark used and product sold, as provided by 15 U.S.C. §1117(c)(2) of the Lanham Act.

j.      Entry of an award pursuant to 15 U.S.C. § 1117 (a) and (b) of FENDI's costs and reasonable attorneys' fees and investigative fees associated with bringing this action.

k.      Entry of an Order pursuant to15 U.S.C. § 1116, 28 U.S.C. § 1651(a), The All Writs Act, Federal Rule of Civil Procedure 65, and the Court's inherent authority that, upon Plaintiff's request, Defendants and any financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, and their related companies and affiliates, identify and restrain all funds, up to and including the total amount of judgment, in all financial accounts and/or sub-accounts used in connection with the Seller IDs, or other alias seller identification or e-commerce store names used by Defendants presently or in the future, as well as any other related accounts of the same customer(s) and any other accounts which transfer funds into the same financial institution account(s) and remain restrained until such funds are surrendered to Plaintiff in partial satisfaction of the monetary judgment entered herein.

l.      Entry of an award of pre-judgment interest on the judgment amount.

m.      Entry of an Order requiring Defendants to pay the cost necessary to correct any erroneous impression the consuming public may have received or derived concerning the nature, characteristics, or qualities of Defendants' products, including without limitation, the placement of corrective advertising and providing written notice to the public.

n.      Entry of an Order for any further relief as the Court may deem just and proper.

DATED: February 28, 2022.      Respectfully submitted,

STEPHEN M. GAFFIGAN, P.A.

By: **Stephen M. Gaffigan**
Stephen M. Gaffigan (Fla. Bar No. 025844)
Virgilio Gigante (Fla. Bar No. 082635)
Christine Ann Daley (Fla. Bar No. 98482)

T. Raquel Wiborg-Rodriguez (Fla. Bar. No. 103372)
401 East Las Olas Blvd., Suite 130-453
Ft. Lauderdale, Florida 33301
Telephone: (954) 767-4819
E-mail: Stephen@smgpa.net
E-mail: Leo@smgpa.net
E-mail: Christine@smgpa.net
E-mail: Raquel@smgpa.net

Attorneys for Plaintiff
FENDI, S.R.L.

## SCHEDULE "A"

**[This page is the subject of Plaintiff's Motion to File Under Seal.  As such, this page has been redacted in accordance with L.R. 5.4(b)(1)]**

## SCHEDULE "B"
## PLAINTIFF'S FEDERALLY REGISTERED TRADEMARKS

| Trademark | Registration Number | Registration Date | Class / Goods |
|---|---|---|---|
|  | 1,214,472 | October 26, 1982 | IC 018: Leather and Imitations of Leather; Luggage, Trunks and Travelling Bags |
| FENDI | 1,244,466 | July 5, 1983 | IC 018: Traveling Luggage, Trunks, Purses, Rucksacks, Brief Cases, Attache Cases, Wallets, Key Cases, Passport Cases, Business Card Cases, Cosmetic Cases Sold Empty, Shirt Bags<br><br>IC 025: Fur Coats, Fur Stoles, Fur Jackets, Raincoats, Cloth Coats, Jackets, Skirts, Blouses, Dresses, Hosiery, Shirts, Trousers, Hats, Scarves, Foulards, Gloves, Ties, Neckwear, Belts, Swimwear, Shoes, Boots |
|  | 1,267,539 | February 21, 1984 | IC 025: Fur Coats, Fur Stoles, Fur Pieces, Rainwear, Cloth Coats, Jackets, Skirts, Trousers, Dresses, Hosiery, Shirts, Blouses, Headwear, Scarves, Foulards, Gloves, Ties, Neckwear, Belts, Swimwear, Shoes, Boots. |
|  | 2,648,257 | November 12, 2002 | IC 018: leather and imitation of leather items, namely, handbags, shoulder bags. |
| FENDI | 3,940,027 | April 5, 2011 | IC 018: Leather and imitation leather, furs, saddlery, traveling bags, handbags, shoulder bags, briefcases, attache cases, trunks, leatherwear, namely, key cases, purses, wallets, suitcases, backpacks, rucksacks, pouches, general purpose trolley bags.<br>IC 025: Clothing, namely, shirts, t-shirts, sweatshirts, pants, trousers, jeans, shorts, skirts, dresses, belts, sweaters, cardigans, pullovers, business suits, suits, coats, jackets, fur coats, fur jackets, fur shawls, |

| Trademark | Registration Number | Registration Date | Class / Goods |
|---|---|---|---|
| | | | scarves, foulards, neckties, bowties, gloves; waterproof clothing, namely, headbands, caps, hats; footwear, namely, shoes, sport shoes, boots, slippers, sneakers, sandals |
|  | 4,036,925 | October 11, 2011 | IC 018: Leather and imitation leather; furs; animal skins; animal hides; goods made of leather and imitation leather, namely, handbags, shoulder bags, briefcases, leatherwear, namely, key cases, purses, wallets, backpacks, pouches, leather straps. IC 025: Clothing, namely, shirts, t-shirts, sweatshirts, sport shirts, pants, sport pants, trousers, shorts, skirts, dresses, belts, sweaters, cardigans, pullovers, jackets, scarves, foulards, gloves; waterproof clothing, namely, waterproof jackets, swimsuits; hats; footwear, namely, shoes, sport shoes, boots, slippers, sneakers, sandals |
|  | 4,362,861 | July 9, 2013 | IC 009: Eyeglasses, sunglasses, eyeglass and sunglass lenses, eyeglass frames.<br><br>IC 014: Jewelry of precious and non-precious metal, namely, bracelets, necklaces, neck chains and rings, earrings, watches, wristwatches watch bands and straps chronographs for use as timepieces and for use as watches<br><br>IC 018: Bags, namely, shoulder bags, travelling bags, handbags, Boston bags, waist packs, sling bags for carrying infants, leather and canvas shopping bags, duffle bags, tote bags, clutch bags, trunks, wallets, purses, briefcases, attach cases, pouches of leather or textile, school bags, suitcases, garment bags for travel, key cases made of leather, backpacks, rucksacks, vanity cases sold empty, carry-on bags, beach bags, umbrellas. |

| Trademark | Registration Number | Registration Date | Class / Goods |
|---|---|---|---|
| | | | IC 024: Beach towels<br><br>IC 025: Articles of clothing for men, women and children, namely, pullovers, cardigans, sweaters, jerseys, jumpers, jackets, sweatshirts, parkas, bathing suits, blouses, shirts, trousers, jeans, waistcoats, skirts, shorts, T-shirts, dresses, men's suits, coats, overcoats, vests, shawls, scarves, neckties, gloves for clothing, belts for clothing, shoes, boots, sandals, slippers, hats and caps. |
| **FENDI** | 4,409,049 | October 1, 2013 | IC 003: Perfumes, eau de parfum, toilet water, after shave creams, after shave lotions, shaving lotions, shampoos, creams, deodorants for personal use, toilet soaps, bath soaps, bath and shower gels, body lotions, skin lotions<br><br>IC 009: Eyeglasses, sunglasses, eyeglass frames and eyeglass cases; bags, cases and sleeves specially adapted for holding or carrying all the above mentioned goods, namely, eyeglasses, sunglasses, eyeglass and sunglass lenses, eyeglass frames and eyeglass cases; telephones and mobile phones.<br><br>IC 014: Jewelry of precious and non-precious metal, namely, bracelets, necklaces, neck chains and rings, brooches, earrings, pendants, cuff-links, jewelry cases; clocks, watches, wristwatches, watch bands and straps, chronographs for use as timepieces and for use as watches, chronometers<br><br>IC 018: Bags, namely, shoulder bags, travelling bags, handbags, Boston bags, waist packs, leather and canvas shopping bags, duffle bags, tote bags, clutch bags, trunks, |

| Trademark | Registration Number | Registration Date | Class / Goods |
|---|---|---|---|
| | | | wallets, purses, briefcases, attach cases, pouches of leather or textile, school bags, suitcases, key cases made of leather, backpacks, rucksacks, vanity cases sold empty, carry-on bags, beach bags, umbrellas.<br><br>IC 020: Furniture, bathroom furniture, kitchen furniture, household furniture, namely, chairs, lounge chairs, armchairs, tables, coffee tables, benches, stools, beds, bedside tables, wardrobes, desks, sofas, and divans, ottomans, shelves, drawers, wall cupboards, showcases, television stands, bookshelves, bathroom cabinets; mirrors<br><br>IC 025: Articles of clothing for men, women and children, namely, pullovers, cardigans, sweaters, jerseys, jumpers, jackets, sweatshirts, parkas, bathing suits, blouses, shirts, trousers, jeans, waistcoats, skirts, shorts, T-shirts, dresses, men's suits, coats, raincoats, overcoats, fur coats and jackets, vests, hosiery and panty hose, bathrobes, shawls, scarves, neckties, gloves for clothing, belts for clothing, shoes, boots, sandals, slippers, clogs, hats and caps. |
|  | 4,916,008 | Dec. 29, 2015 | IC 009: Eyeglasses; sunglasses; eyeglass lenses; contact lenses; eyeglass frames; eyeglass and sunglass cases and holders; strings and chains for eyeglasses and sunglasses; protective helmets; sports helmets; helmets for motorcyclists; telephones and mobile phones; computers; laptop computers; MP3 players; MP4 players; portable media players; digital audio and video players; |

| Trademark | Registration Number | Registration Date | Class / Goods |
|---|---|---|---|
|  |  |  | tablet computers; e-book readers; blank USB flash drives; headphones; earphones; hi-fi apparatus, namely, audiovisual receivers, radio receivers, digital media receivers, digital audio and video recorders and players, compact disk players, cassette players, record players, audio speakers, bass speakers, personal stereos, amplifiers, graphic equalizers, and sound equalizers and crossovers; personal digital assistants; cameras and digital cameras; video cameras; accessories and components of all the above-mentioned goods, namely, camera tripods, camera mounts and supports, reflectors for photographing, fitted plastic films known as skins for covering and providing a scratch proof barrier or protection for MP3 players, MP4 players, mobile telephones, smart telephones, laptop computers, tablet computers, digital cameras, global positioning systems and personal digital assistants excluding game apparatus, camera filters, battery chargers, and display screen protectors for providing shade and privacy specially adapted to electronic devices, namely laptop computers, tablet computers, cell phones, personal digital assistants, MP3 players, MP4 players, smart telephones, and mobile telephones; bags, cases and sleeves specially adapted for holding or carrying mobile phones, computers, laptop computers, MP3 players, MP4 players, portable media players, digital audio and video players, tablet computers, e-book readers, USB flash drives, headphones, earphones, personal digital assistants, photographic apparatus |

| Trademark | Registration Number | Registration Date | Class / Goods |
|---|---|---|---|
| | | | and equipment, cameras, and video cameras; and strings and chains, namely, straps and lanyards specially adapted for mobile phones, MP3 players, MP4 players, portable media players, and digital audio and video players |
| FENDI | 5,139,608 | November 29, 2016 | IC 018: Shoulder straps for handbags |
|  | 5,505,551 | July 3, 2018 | IC 003: Fragrances; make-up<br><br>IC 009: Cell phone cases; cell phone covers; cell phone straps; sunglasses<br><br>IC 014: Decorative fobs for keys; key rings with decorative trinkets or fobs; precious metal key holders with decorative trinkets or fobs; key holders of precious metals; key fobs of precious metals; key rings of precious metals; key fobs being rings coated with precious metal; key chains as jewelry, being trinkets or fobs; key rings with decorative trinkets or fobs of precious metal<br><br>IC 018: Leather and imitations of leather; animal skins and hides; trunks and travelling bags; umbrellas and parasols; walking sticks; whips; harness; saddlery; all-purpose carrying bags; shoulder bags; travelling bags; hand bags; boston bags; waist packs; sling bags for carrying infants; duffle bags; tote bags; clutch bags; wallets; purses; briefcases; attaché cases; pouches of leather; pouches of textile, not for packaging; school bags; suitcases; garment bags for travel; key cases made of leather; backpacks; rucksacks; vanity cases sold empty; carry-on bags; beach bags; umbrellas<br><br>IC 020: Furniture; mirrors; picture |

| Trademark | Registration Number | Registration Date | Class / Goods |
|---|---|---|---|
| | | | frames; air cushions, not for medical purposes; air mattresses, not for medical purposes; air pillows, not for medical purposes; bead curtains for decoration; bedding, except linen, namely, beds, mattresses, pillows and bolsters; busts of wood, wax, plaster or plastic; wardrobes; curtain holders, not of textile material; curtain tie-backs, namely, non-textile curtain holders; cushions; doors for furniture; dressmakers' dummies; screens for fireplaces; house numbers, not of metal, non-luminous; indoor window blinds being shades; infant walkers; mannequins; decorative mobiles; pet cushions; pillows; slatted indoor blinds; statues of wood, wax, plaster or plastic; statuettes of wood, wax, plaster or plastic; table tops; tailors' dummies; decorative wind chimes; works of art of wood, wax, plaster or plastic; signboards of wood or plastics<br><br>IC 025: Clothing, namely, shirts and pants; footwear; headwear; pullovers; cardigans; sweaters; jerseys; jumpers; jackets; sweatshirts; parkas; bathing suits; blouses; shirts; trousers; jeans; waistcoats; skirts; shorts; T-shirts; dresses; men's suits; coats; raincoats; overcoats; fur coats and jackets; overalls; underwear; vests; hosiery; panty hose; bathrobes; shawls; scarves; neckties; gloves being clothing; belts for clothing; shoes; boots; sandals; slippers; clogs; hats and caps |

| Trademark | Registration Number | Registration Date | Class / Goods |
|---|---|---|---|
|  | 5,563,158 | September 18, 2018 | IC 003: Fragrances; make-up<br><br>IC 009: Cell phone cases; cell phone covers; cell phone straps; sunglasses<br><br>IC 014: Decorative fobs for keys; key rings being trinkets or fobs; key holders of precious metals being trinkets or fobs; key holders of precious metals; decorative key fobs of precious metals; key rings of precious metals; key fobs being rings coated with precious metal; key chains as jewelry, being trinkets or fobs; key rings being trinkets or fobs of precious metal<br><br>IC 018: Leather and imitations of leather; animal skins and hides; trunks and travelling bags; umbrellas and parasols; walking sticks; whips; harnesses; saddlery; bags, namely, leather bags, weekend bags and all-purpose carrying bags; shoulder bags; travelling bags; hand bags; boston bags; waist packs; sling bags for carrying infants; duffle bags; tote bags; clutch bags; wallets; purses; briefcases; attaché cases; pouches of leather; pouches of textile, not for packaging; school bags; suitcases; garment bags for travel; key cases made of leather; backpacks; rucksacks; vanity cases sold empty; carry-on bags; beach bags; umbrellas<br><br>IC 020: Furniture; mirrors; picture frames; air cushions, not for medical purposes; air mattresses, not for medical purposes; air pillows, not for medical purposes; bead curtains for decoration; bedding, namely, beds, bed headboards and bed fittings not of metal; busts of wood, wax, plaster or plastic; covers for clothing being |

| Trademark | Registration Number | Registration Date | Class / Goods |
|---|---|---|---|
| | | | wardrobe; curtain holders, not of textile material; curtain tie-backs in the nature of non-textile curtain holders; cushions; doors for furniture; dressmakers' dummies; fire screens, domestic being screens for fireplaces; garment covers for storage being nonmetal and non-paper containers for storage, fitted fabric furniture covers, furniture and wardrobes; house numbers, not of metal, nonluminous; indoor window blinds being shades; infant walkers; mannequins; decorative mobiles; pet cushions; pillows; slatted indoor blinds; statues of wood, wax, plaster or plastic; statuettes of wood, wax, plaster or plastic; table tops; tailors' dummies; decorative wind chimes; works of art of wood, wax, plaster or plastic; signboards of wood or plastics<br><br>IC 025: Clothing, namely, shirts, dresses, pants and sweaters; footwear; headwear; pullovers; cardigans; sweaters; jerseys; jumpers; jackets; sweatshirts; parkas; bathing suits; blouses; shirts; trousers; jeans; waistcoats; skirts; shorts; T-shirts; dresses; men's suits; coats; raincoats; overcoats; fur coats and jackets; overalls; underwear; vests; hosiery; panty hose; bathrobes; shawls; scarves; neckties; gloves being clothing; belts for clothing; shoes; boots; sandals; slippers; clogs; hats and caps being headwear<br><br>IC 035: Providing information and advice in relation to retailing services in the field of ready-to-wear, clothing and footwear; providing information and advice in |

| Trademark | Registration Number | Registration Date | Class / Goods |
|---|---|---|---|
| | | | relation to direct selling through telecommunications in the field of ready-to-wear, clothing and footwear; providing information and advice in relation to direct selling through telephone in the field of ready-to-wear, clothing and footwear; providing information and advice in relation to direct selling through facsimile in the field of ready-to-wear, clothing and footwear; providing information and advice in relation to direct selling through email in the field of ready-to-wear, clothing and footwear; providing information and advice in relation to direct selling through the Internet in the field of ready-to-wear, clothing and footwear; providing information and advice in relation to on-line direct selling in the field of ready- to-wear, clothing and footwear; providing information and advice in relation to wholesaling services in the field of ready-to-wear, clothing and footwear; computerized on-line ordering service through telephones in the field of ready-to-wear, clothing and footwear; computerized on-line ordering service through facsimiles in the field of ready-to-wear, clothing and footwear; computerized on-line ordering service through email in the field of ready-to-wear, clothing and footwear; computerized on-line ordering service through the Internet including social networks in the field of ready-to-wear, clothing and footwear; advertising by mail order, namely, organisation of mail order promotions in the field of ready-to-wear, clothing and footwear; marketing, including direct marketing and direct mail |

| Trademark | Registration Number | Registration Date | Class / Goods |
|---|---|---|---|
| | | | advertising in the field of ready-to-wear, clothing and footwear; advertising by mail order in the field of ready-to-wear, clothing and footwear; promotion and marketing services, namely, point of purchase promotions in the field of ready-to-wear, clothing and footwear; on-line advertising in the field of ready-to-wear, clothing and footwear; sales promotions services in the field of ready-to-wear, clothing and footwear |
|  | 5,887,601 | October 22, 2019 | IC 009: Cell phone cases; cell phone covers; cell phone straps; sunglasses IC 014: Key rings; watches<br><br>IC 018: Leather and imitation leather; animal skins and hides; travelling trunks; umbrellas; parasols; shoulder bags; travelling bags; handbags; waist packs; tote bags; clutch bags; wallets; purses; briefcases; suitcases; backpacks<br><br>IC 025: Pullovers; sweaters; jumpers; jackets; sweatshirts; parkas; bathing suits; blouses; shirts; trousers; jeans; skirts; shorts; T-shirts; dresses; men's suits; coats; raincoats; fur coats and jackets; underwear; vests; hosiery; panty hose; scarves; gloves for clothing; belts for clothing; shoes; boots; hats; caps being headwear |